BERANTSEN, Appellant, vs. REUTELER & DORSCH, INC., and others, Respondents.

*October 12—November 9, 1926.*

*Automobiles: Collision with pedestrian at crossing: Questions for jury: Principal and agent: Liability of employer: Of owner of car.*

1. Under the facts in this case, judgment was properly directed in favor of the defendant garage company because there was no showing that at the time of plaintiff's injury the driver of the automobile was performing a duty for that defendant. p. 278.
2. A like direction in favor of the defendant owner of the car was also proper for a similar reason. p. 278.
3. The evidence, however, is *held* clearly to present questions of fact as to the negligence of the defendant driver in operating the automobile and as to the contributory negligence of the pedestrian, and the cause is remanded for a jury trial on these issues. pp. 278, 279.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed in part; reversed in part.*

Plaintiff was injured April 10, 1924, at the intersection of Market street, running north and south, and Martin street, crossing it, each fifty feet wide, in Milwaukee.

Approaching from the west she reached the northwest corner and saw an automobile approaching from the south, then about a half a block away, and another from the north driven by the defendant *Sheehan* and about the same distance away. Deeming that she could cross to the northeast corner before either reached her, she proceeded east to about the center, and then stopped to allow the northbound automobile to pass, about two or three feet in front of her. At about the same moment she received a fracture of the lower bones of her right leg from contact with some part of the automobile driven by *Sheehan.* Plaintiff and

*Sheehan* were the only eye-witnesses, and there is dispute as to just what part of the automobile came in contact with the plaintiff. Plaintiff thought it could not have been the front part of the machine, and testifying that she did not move from the position she had taken to let the north-bound automobile go by; defendant *Sheehan* testifying that the front side of the automobile had cleared the plaintiff, and that she must have stepped back and come in contact with the rear of the automobile, and that he was driving on the west side of Market street five feet or more from the curb in order to clear any cars that might be parked there, and a sufficient distance to the west of plaintiff.

The two other defendants were sought to be held on the theory that *Sheehan* was the agent or employee of one or both.

The *Reuteler & Dorsch Company* was in the business of selling new and second-hand automobiles and kept a repair shop. *Sheehan* was one of their six or seven salesmen or, as he testified, in charge of their used-car department. The company kept more or less in touch with customers to whom it had sold cars in order to promote its good will and obtain other customers. *Sheehan* had sold, a short time before, a second-hand car belonging to another salesman to defendant *Holzheater,* but the bill of sale had been executed by the company defendant, which undertook to finance the deal by taking the notes given by *Holzheater.* *Sheehan* had, as part of the sale, undertaken to instruct *Holzheater* how to run the automobile, but before the day in question that relationship had terminated. *Holzheater* lived and kept his automobile about two blocks away from the *Reuteler & Dorsch* garage and worked at a factory two blocks north of the place of the accident and two or three miles from his home. On this morning the defendant company had been telephoned to have *Sheehan* come and look at the car

which needed repair. About 2 o'clock *Sheehan* with another employee went there, adjusted it so that it could be operated, and left it there. A note had been left by Mrs. Holzheater on the outside of the door for *Sheehan's* information and he apparently left the same there with some message. The note could not be produced on the trial, and a material dispute was whether *Sheehan* was asked to or had volunteered to call later in the afternoon, drive the automobile down to *Holzheater's* place of business, and call for him. At 4 p. m. *Sheehan* took the car, drove to his own home, a short distance away from the direct line of travel between the two points, and also stopped in at the home of a prospective customer of his, and then on to the said factory, arriving there too late to meet *Holzheater*. To return to *Holzheater's* house the direct and usual route would have been to the west and north; instead of that *Sheehan* had driven two blocks directly south at the time of the injury.

At the close of the testimony respective motions were made by the defendants *Reuteler & Dorsch Company* and *Holzheater,* each appearing by counsel (defendant *Sheehan* appearing in person but without counsel), for a directed verdict in favor of the defendants.

Separate orders for judgment in favor of each defendant were made by the trial court, in effect determining that there was no relationship of master and servant between *Sheehan* and either of the other defendants; that there was no negligence by defendant *Sheehan* proximately contributing to plaintiff's injuries, and that those were proximately caused by her own contributory negligence.

From the judgment plaintiff appeals.

For the appellant there was a brief signed by *Koenig & Koenig* of Milwaukee, and oral argument by *Louis H. Koenig.*

For the respondent *Reuteler & Dorsch, Inc.,* there was

a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *W. T. Sullivan.*

For· the respondent *Holzheater* there was a brief by *Schoetz, Williams & Gandrey,* attorneys, and *Hoyt, Bender, McIntyre & Hoyt,* of counsel, all of Milwaukee, and oral argument by *Eugene L. McIntyre.*

ESCHWEILER, J.   We are satisfied that no showing was made by which any legal liability could be attached to either the *Reuteler & Dorsch Company* or *Holzheater.*

Under any theory as to the relationship of possible agency between *Sheehan* and each of the other defendants, *Sheehan* was clearly not performing an act within the scope of any such agency at the time of the injury.   It was not part of his duty as employee of the *Reuteler & Dorsch Company* to drive the automobile at the time in question.   Neither was there a sufficient showing that there was any express or implied request on the part of *Holzheater* that *Sheehan* should use this automobile as he did from 4 o'clock on to the time of the accident.

There were, however, clearly, questions of fact proper to have been submitted to a jury as to whether or not defendant *Sheehan* failed to exercise ordinary care in the management of the automobile and as to whether or not there was any want of ordinary care on the part of plaintiff, and it was error to direct a verdict in favor of the defendant *Sheehan* on either of those two questions.

Plaintiff, a woman of fifty-four years, then weighing about 235 pounds, standing still in the center of a fifty-foot-wide paved highway with an automobile approaching from the south, her right-hand side, was, as she crossed the twenty-five-foot space in the highway, in plain sight of *Sheehan* driving the half block from the north.   There was nothing to prevent *Sheehan* from driving further to the

west and safely clearing plaintiff as she stood there, rather than for him to continue on the line which he had been following some distance from the west curb. The plaintiff having reached the center of the highway and her attention being then properly engaged on the automobile approaching from the south, into the zone of whose travel she was then entering, might properly be excused, in the view of a jury, from further watching for the approach of the automobile from the north on the westerly half of the highway and the zone of whose travel she was just leaving. These questions, therefore, should have been submitted to a jury.

*By the Court.*—Judgment affirmed as to the defendants *Reuteler & Dorsch Company* and defendant *Holzheater;* judgment reversed as to defendant *Sheehan,* and the cause remanded for further proceedings as to him, but one bill of costs to be allowed to respondents *Reuteler & Dorsch Company* and *Holzheater,* appellant to have costs against respondent *Sheehan.*